IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |
| | § | No. 3:02-CR-0384-M |
| v. | § | No. 3:05-CV-0348-M |
| | § | |
| HECTOR CAMPOZANO- | § | |
| TIERRABLANCA, | § | |
| | § | |
| Defendant and Petitioner. | § | |
| | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, and the

Findings and Recommendation of the United States Magistrate Judge dated May 6, 2005, the Court

finds that the Findings and Recommendation of the Magistrate Judge are correct and they are

accepted as the Findings and Recommendation of the Court.   The pendency of Defendant's appeal

of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) does not deprive this Court

of jurisdiction over Petitioner's motion under 28 U.S.C. § 2255.   In his "Supplemental Briefing,"

filed on May 20, 2005, Petitioner for the first time seeks to proceed under 28 U.S.C. § 2241.

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is

executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Title 28 U.S.C. § 2255, on the

other hand, is the primary means under which a federal prisoner may collaterally attack the legality

of his conviction or sentence.  *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th

Cir. 1990).  Section 2241, however, may be used by a federal prisoner to challenge the legality of

1

Certified a true copy of an instrument
on file in my office on 7·19·05
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In this case, Petitioner relies on the Supreme Court decisions in *Apprendi*, *Blakely* and *Booker*. Petitioner's claims however, do not entitle him to relief because *Apprendi* is not applicable on collateral review. *See United States v. Brown*, 305 F.3d 304, 305 (5th Cir. 2002). Further, the Supreme Court has not held

2

that its decisions in *Blakely* or *Booker* are to be made retroactive, and the opinions themselves did not suggest that their holdings would apply retroactively. *See generally Blakely*, 542 U.S. 296 (2004); *Booker*, 125 S.Ct. 739 (2005). Petitioner has failed to establish that his petition falls within the savings clause. His petition under 28 U.S.C. § 2241 should be dismissed.

**IT IS, THEREFORE, ORDERED** that the Findings and Recommendation of the United States Magistrate Judge are accepted.

**SO ORDERED** this _19_ day of _July_, 2005.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

# CASE CLOSED

**CASE NUMBER:** _____3:05-cv-348-M_

**DATE:** _____07·19·05_

**TRIAL:  YES** _____ **NO** ___✕___